UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DIRECTV, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:04-CV-25 |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| ROLAND SMITH, ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M**

Before the Court are two motions and related briefs filed by the parties, Plaintiff DirecTV, Inc. ("DirecTV") and Defendant Roland Smith ("Smith"). Smith has filed a Motion to Alter or Amend Judgments (Court File No. 57), and DirecTV has filed a Motion for Award of Attorney Fees Pursuant to 28 U.S.C. § 1927 (Court File No. 60). For the reasons stated below the Court **WILL DENY** Smith's pending motion to alter or amend judgments (Court File No. 57) and **WILL DENY** DirecTV's pending motion for attorney fees (Court File No. 60).

I. **PROCEDURAL BACKGROUND**

The parties are familiar with the progression of this case and the Court has recounted portions of its development previously, but a recitation of the procedural status relevant to the pending motions is nevertheless in order. On January 10, 2005, the Court issued an Order and an accompanying memorandum finding DirecTV entitled to the following relief on certain of its claims against Smith: summary judgment, $10,000 in statutory damages, and an award of attorney's fees and costs under 18 U.S.C. §§ 2511, 2520; and summary judgment and attorneys' fees and costs under 47 U.S.C. § 605(a) (Court File Nos. 29, 30). The factual basis for the partial summary

judgment ruling consisted of matters that were set forth by DirecTV in its request for admissions and that were deemed admitted by Smith when he did not timely answer or move to withdraw them (*See* Fed. R. Civ. P. 36; Court File No. 29, at 3-6; *see also* Memorandum of February 8, 2005, Court File No. 41).

Following the grant of partial summary judgment, the parties filed three motions: DirecTV sought an award of attorney's fees under statutes relating to the claims on which the Court had granted summary judgment (Court File No. 31); Smith moved the Court to withdraw the matters that were deemed admitted by him that constituted the undisputed facts for summary judgment (Court File No. 34); and Smith moved the Court to alter or amend its January 10, 2005 Order granting partial summary judgment to DirecTV (Court File No. 37). Smith argued the Court should permit him to withdraw the admissions and should consequently amend the partial summary judgment ruling, but the Court rejected Smith's arguments and denied both of his motions on February 8, 2005 (Court File Nos. 41-42). On March 15, 2005, the Court granted DirecTV's motion for attorney's fees, finding DirecTV entitled to $8,815.81 in fees and costs under 18 U.S.C. §§ 2511, 2520 and 47 U.S.C. § 605 (Court File No. 45).

On March 21, 2005, DirecTV moved the Court for a voluntary dismissal of its remaining claims against Smith (Court File No. 46). One week later, Smith responded in opposition to the motion to dismiss, and Smith also moved the Court for leave to amend his answer to assert a malicious prosecution counterclaim against Defendant (Court File No. 48). On April 1, 2005, the Court denied Smith's motion to amend his answer, granted DirecTV's motion for voluntary dismissal, and issued a Judgment Order (Court File Nos. 54, 55). The judgment awarded to DirecTV the following relief: $10,000 in statutory damages under 18 U.S.C. § 2511, 2520 and $8,815.81 in

2

attorney's fees and costs, for a total of $18,815.81, pursuant to the Court's previous summary judgment and attorney's fees orders. Additionally, the Judgment Order cancelled the trial date and directed the Clerk to close the case.

On April 8, 2005, Smith filed in this Court a Notice of Appeal seeking review of the Court's final judgment by the United States Court of Appeals for the Sixth Circuit (Court File No. 56). Then, on April 11 and April 13, respectively, Smith filed a "Motion to Alter or Amend Judgments" and a supporting memorandum (Court File Nos. 57, 58), requesting this Court alter or amend the Orders issued on January 10, 2005 (Order granting partial summary judgment) and on April 1, 2005 (Judgment Order awarding statutory damages and attorney's fees). On April 18, the Court received a letter from the Sixth Circuit that indicated Smith's notice of appeal was currently ineffective under the Federal Rules of Appellate Procedure and that the case would be held in abeyance until this Court issues an order disposing of Smith's latest motion to alter or amend. The next day DirecTV filed its response to Smith's motion to alter or amend judgments (Court File No. 59). Then DirecTV moved for attorney fees under 28 U.S.C. § 1927 (Court File No. 60), and Smith filed his opposition to the motion soon thereafter (Court File No. 61).

## II. SMITH'S MOTION TO ALTER OR AMEND JUDGMENTS

Smith moves the Court (Court File No. 57) to alter or amend both the April 1, 2005 Judgment Order and the January 10, 2005 Order granting partial summary judgment to DirecTV, which announced DirecTV was entitled to an award of $10,000 in statutory damages and $8,815.81 in attorney's fees and costs. Smith brings this motion pursuant to the provisions of Fed. R. Civ. P. 60.

3

### A. Standard of Review

Under Rule 60 of the Federal Rules of Civil Procedure, a court has discretion to provide relief from a judgment or order upon a showing of cause. Rule 60(a) addresses clerical errors. Rule 60(b) addresses all other bases for reconsideration:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). With regard to the catch-all provision of Rule 60(b)(6), the United States Court of Appeals for the Sixth Circuit has stated:

> Rule 60(b)(6) should apply only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. Courts, however, must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present.

*Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (internal citations and quotations omitted).

Motions for relief from a judgment or order under Rule 60(b) are "opportunit[ies] for [the district court] to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F. Supp. 810, 812 (D. Kan. 1996). Rule 60(b) motions are addressed to the sound discretion of the

4

district court, which must balance the ends of justice with public interest in the finality of the court's decisions. *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999); *Aetna Cas. & Sur. Co. v. Home Ins. Co.*, 882 F. Supp. 1355, 1356 (S.D.N.Y. 1995). Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000). "[A] Rule 60(b) motion is not a substitute for an appeal." *Kai Wu Chan v. Reno*, 932 F. Supp. 535, 539 (S.D.N.Y. 1996).

  **B.** **Discussion**

  Smith requests the Court alter or amend its previous orders to adjust the amount of statutory damages and the amount of attorney's fees awarded to DirecTV (Court File No. 58, pt. 1, at 1). First, Smith argues the Court should decline to award statutory damages against him, particularly due to the nature of the evidence in the record, *i.e.*, matters deemed admitted by Smith under the Federal Rules of Civil Procedure. Second, Smith contends the amount of attorney's fees and costs claimed by DirecTV and granted by the Court is excessive under the circumstances. Although Smith cited Rule 60 in his motion, he did not further articulate which provision of Rule 60 applies to his request that the orders be altered or amended. Smith does not point to any clerical mistake in the orders that would justify the relief he seeks. *See* Fed. R. Civ. P. 60(a). Smith's motion and brief do not set forth any mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or other misconduct of an adverse party. *See* Fed. R. Civ. P. 60(b)(1)-(3). Neither does Smith contend the judgment is void; that it has been satisfied, released, or discharged; that a prior underlying judgment has been vacated; or that it is no longer equitable that the judgment should have prospective application. *See* Fed. R. Civ. P. 60(b)(4)-(5). Thus, the

5

Court interprets Smith's motion to implicate no provision other than Fed. R. Civ. P. 60(b)(6) and will thus determine whether Smith has shown exceptional or extraordinary circumstances that justify the relief he seeks from the operation of the Court's previous orders and judgment.

### 1. *Statutory Damages Under 18 U.S.C. § 2520*

First, Smith's motion seeks to persuade the Court to reconsider its decision regarding statutory damages awarded under 18 U.S.C. § 2520 and to alter or amend that award of damages. Relying on the record of this case; published opinions in *Dorris v. Absher*, 179 F.3d 420 (6th Cir. 1999) and *DirecTV, Inc. v. Guzzi*, 308 F. Supp. 2d 788 (E.D. Mich. 2004); and a report and recommendation ("R&R") issued in *DirecTV, Inc. v. Carpenter*, No. C-03-5247, Docket No. 32 (N.D. Cal. Mar. 11, 2005) (*see* Exhibit, Court File No. 58, pt. 2), Smith "respectfully asks this Honorable Court to reconsider its decision, and alter or amend its award of statutory damages against him, as it is certainly within its purview to do so." (Smith's Brief, Court File No. 58, pt. 1, at 4).

In *Dorris v Absher*, the Sixth Circuit stated, "district courts have the discretion to decline the imposition of damages" under 18 U.S.C. § 2520. *Dorris*, 179 F.3d at 429. It continued by explaining the proper inquiry for a district court to follow when awarding damages under 18 U.S.C. § 2520(c)(2):

> (1) The court should first determine the amount of actual damages to the plaintiff plus the profits derived by the violator, if any. *See* 18 U.S.C. § 2520(c)(2)(A).
> (2) The court should next ascertain the number of days that the statute was violated, and multiply by $100. *See* 18 U.S.C. § 2520(c)(2)(B).
> (3) The court should then tentatively award the plaintiff the greater of the above two amounts, unless each is less than $10,000, in which case $10,000 is to be the presumed award. *See id.*
> (4) Finally, the court should exercise its discretion to determine whether the plaintiff should receive any damages at all in the case

6

before it.  *See* 18 U.S.C. § 2520(c)(2).

*Dorris*, 179 F.3d at 430.

In *DirecTV v. Guzzi*, a district court in Michigan addressed the procedure for awarding damages under 18 U.S.C. § 2520 in the context of granting DirecTV a default judgment. *Guzzi*, 308 F. Supp. 2d at 789-90.  After discussing the direction provided by *Dorris*, the court set forth the following:

> In exercising its discretion in deciding whether to award damages under 18 U.S.C. § 2520(c)(2), a district court should make an individualized assessment of each defendant.  Factors that may be considered include whether the plaintiff suffered financial harm, the extent to which a violation occurred and unlawfully intercepted signals were disclosed, whether the defendant had a legitimate reason for his or her actions, whether the defendant profited from his or her acts, and whether an award of damages would serve a legitimate purpose.

*Guzzi*, 308 F. Supp. 2d at 790 (citations omitted); *see also Reynolds v. Spears*, 93 F.3d 428, 436 (8th Cir. 1996) (citing similar factors in concluding district court did not abuse discretion in declining to award statutory damages under 18 U.S.C. § 2520 against employer who recorded employees' telephone conversations).  The *Guzzi* court faced a limited factual record and stated it could not make a meaningful determination whether to award damages when it issued the reported opinion. *Guzzi*, 308 F. Supp. 2d at 790.  More than one year later, no further proceedings are reflected on the *Guzzi* docket sheet.  Meanwhile, several district courts within the Sixth Circuit have exercised their discretion to award $10,000 in statutory damages under 18 U.S.C. § 2520 against defendants and in favor of DirecTV.  *See, e.g., DirecTV, Inc. v. Hedger*, 322 F. Supp. 2d 879, 881-83 (W.D. Mich. 2004); *DirecTV, Inc. v. Bloniarz*, 336 F. Supp. 2d 723, 726-27 (W.D. Mich. 2004); *DirecTV, Inc. v. Kruse*, No. 3:03CV7407, 2004 WL 952844, at *2-3 (N.D. Ohio Apr. 13, 2004); *DirecTV, Inc. v.

7

*DiSalvatore*, No. 5:02CV00706, 2003 WL 24051575, at *6-7 (N.D. Ohio May 21, 2003) (noting in footnote 1 that defendants failed to respond to requests for admissions and that relevant matters were therefore deemed admitted).

Smith urges the Court to consider a recent R&R issued in the Northern District of California in the case of *DirecTV, Inc. v. Carpenter*, where the designated magistrate judge recommended the district court exercise discretion to award no damages, and only attorney's fees, to DirecTV under 18 U.S.C. § 2520 (Exhibit, Court File No. 58, pt. 2, at 3-9). The R&R noted a lack of evidence regarding the extent to which the defendant intercepted DirecTV's signals, whether the defendant profited commercially from his conduct, and whether the defendant's interception of DirecTV's signals was comparable to the use of DirecTV service by high-end customers (*id.* at 6). It also noted the purpose of deterrence that statutory damages can serve but recommended deterrence would be adequately served by the recommended award of attorney's fees (*id.*). Finally, the *Carpenter* R&R noted DirecTV had other remedies to pursue besides $10,000 in statutory damages under 28 U.S.C. § 2520 (*id.* at 6-8). According to the *Carpenter* docket sheet, DirecTV filed objections to the R&R in mid-April 2005. As of May 10, 2005, the presiding district judge has not yet adopted, amended, or rejected the recommendation to award no statutory damages under § 2520 to DirecTV in that case. *Cf. DirecTV, Inc. v. Yee*, No. C 03-2304 JSW (EDL), 2005 WL 954471, at *4 (N.D. Cal. Apr. 26, 2005) (R&R recommending statutory damages award of $10,000 under 18 U.S.C. § 2520 where DirecTV presented costs incurred to battle piracy, where no evidence of legitimate reason for defendant's actions was presented, and where deterrence would be served by award of statutory damages) (no objections to the R&R filed as of May 10, 2005).

In this case, DirecTV sought to recover $10,000 in statutory damages under 18 U.S.C. §

8

2520 for Smith's violation of 18 U.S.C. § 2511. DirecTV did not seek to establish the actual amount of damages caused by Smith's conduct, nor did it seek to show the number of days that Smith violated § 2511. Therefore, under step three of the sequential inquiry set forth in *Dorris*, the presumed statutory damages award for DirecTV under § 2520 would be $10,000. *Dorris*, 179 F.3d at 430. The final step in the analysis would be for the Court to exercise its discretion and decide whether DirecTV should receive any statutory damages from the particular defendant. *Id.*; *Guzzi*, 308 F. Supp. 2d at 790. While the Court certainly had discretion to award no damages, it determined the statutory damages award was appropriate in this case. According to the record and as established by the matters deemed admitted in this case under Fed. R. Civ. P. 36, Smith ordered two EQ Bootloaders knowing the devices were designed to facilitate the unauthorized interception of DirecTV's signals and intending to use them for that purpose. Although not a DirecTV subscriber himself, Smith had relatives, friends, or acquaintances who are. Using or attempting to use the EQ Bootloaders, Smith received and/or assisted others in receiving DirecTV's signals without authorization from or payment to DirecTV. Smith knew this was prohibited. Furthermore, DirecTV signals are provided to customers on a pay-for-service basis, so DirecTV lost revenue it should have received for the satellite signals Smith, or others with his assistance, intercepted. Under these circumstances, an award of statutory damages under 18 U.S.C. § 2520—in this case a liquidated damages amount of $10,000—serves the legitimate purposes of deterring unauthorized interception of DirecTV signals and of providing compensation to DirecTV. *See Smoot v. United Transp. Union*, 246 F.3d 633, 646 (6th Cir. 2001) ("The $10,000 liquidated damages amount under § 2520(c)(2)(B) is designed to compensate a claimant for all of a transgressor's misdeeds under the Act . . . ."). Thus, applying the inquiries set forth in *Dorris* and in *Guzzi*, the discretionary award of statutory

9

damages pursuant to 18 U.S.C. § 2520 was warranted under the circumstances.

Nevertheless, because Smith's pending motion seeks to alter or amend orders and a judgment previously entered by the Court, the question presented is not whether the Court should have awarded $10,000 in statutory damages to DirecTV under 18 U.S.C. § 2520. Rather, the question is whether Smith has demonstrated exceptional or extraordinary circumstances that justify the alteration or amendment of the orders and the judgment that granted DirecTV $10,000 in statutory damages under the statute. I conclude Smith has not. Smith has not demonstrated the orders are based on any manifest error of law or fact. He has not presented newly discovered evidence or a change in the law that undermines the Court's previous decisions. Specifically, Smith has failed to show the Court should not rely on the matters that were deemed admitted under Fed. R. Civ. P. 36, despite his continued protests as to that issue. Balancing the ends of justice with the public interest in the finality of the Court's decisions, the Court **WILL DENY** Smith's motion to alter or amend the award of $10,000 in statutory damages under 18 U.S.C. § 2520.

### 2. *Attorney's Fees and Costs*

The second aspect of Smith's motion to alter or amend concerns the award of attorney's fees and costs under 28 U.S.C. § 2520 and 47 U.S.C. § 605. Smith contends the $8,815.81 DirecTV sought and the Court awarded is in excess of a reasonable amount. However, when the motion for attorney's fees was pending, Smith submitted no evidence and little argument to show that the amount DirecTV requested was unreasonable. In his motion to alter or amend, Smith suggests the work counsel performed on DirecTV's behalf is not original to this case due to the large volume of similar actions brought by DirecTV and involving this counsel. Smith also points to typographical errors in DirecTV's summary judgment motion that refer to a non-party individual as a defendant

10

in this action, and he baldly alleges DirecTV has not proceeded in good faith. Smith has not, however, shown any reason pursuant to Fed. R. Civ. P. 60 why the Court should grant him relief from the operation of the judgment with regard to the award of attorney's fees and costs. Accordingly, the Court **WILL DENY** Smith's motion to alter or amend the award of attorney's fees and costs under 28 U.S.C. § 2520 and 47 U.S.C. § 605.

**III.    DIRECTV'S MOTION FOR ATTORNEY FEES PURSUANT TO 28 U.S.C. § 1927**

DirecTV's pending motion seeks to recover attorneys' fees pursuant only to 28 U.S.C. § 1927. DirecTV claims it incurred these fees due to motions filed by Smith's counsel that DirecTV asserts unreasonably and vexatiously multiplied the proceedings in this action (Court File No. 60). DirecTV contends Smith's second Motion to Alter or Amend Judgment (Court File No. 57) and his Expedited Motion to Amend Answer to Assert Counter-Complaint for Malicious Prosecution (Court File No. 48) were frivolous and served only to increase DirecTV's litigation expense and to prolong the litigation. DirecTV seeks to recover $1,640.00 in attorneys' fees based upon its counsel's hourly rate and the time he spent researching and responding to the two motions, as well as to prepare its Motion for Award of Attorney Fees (Court File No. 60, Exh. B, Affidavit of Robert R. Carl, at 6). Smith opposes the motion (Court File No. 61).

Under 28 U.S.C. § 1927, a court may require an attorney to personally satisfy the additional costs, expenses, and attorneys' fees reasonably incurred by others if the attorney's conduct in the case unreasonably and vexatiously multiplies the proceedings. The Sixth Circuit has explained:

> Litigation conduct is reviewed for unreasonable and vexatious multiplication of litigation despite the absence of any conscious impropriety. Absent a showing of bad faith, sanctions may be imposed at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims. The

11

> mere finding that an attorney failed to undertake a reasonable inquiry into the basis for a claim does not automatically imply that the proceedings were intentionally or unreasonably multiplied. An attorney is liable under § 1927 solely for excessive costs resulting from the violative conduct. Simple inadvertence or negligence that frustrates the trial judge will not support a sanction under § 1927. There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party. A sanction is generally improper where a successful motion could have avoided any additional legal expenses by defendants.

*Riddle v. Egensperger*, 266 F.3d 542, 553 (6th Cir. 2001) (internal citations and quotations omitted).

Although the motions filed by Smith's counsel, which DirecTV alleges constitute unreasonable and vexatious multiplication of the proceedings, proved to be unsuccessful, the Court does not find counsel's litigation conduct should be condemned by an award of attorneys' fees under 28 U.S.C. § 1927. Instead, the motions filed by Smith's counsel are more properly viewed as counsel's efforts to press the client's interests in this case, conduct which ought not trigger the sanctions authorized by § 1927 under the circumstances. *See Colucci v. New York Times Co.*, 533 F. Supp. 1011, 1013-14 (S.D.N.Y. 1982). Accordingly, the Court **WILL DENY** DirecTV's motion for attorney fees pursuant to 28 U.S.C. § 1927.

## IV. CONCLUSION

For the reasons explained above, the Court **WILL DENY** Smith's Motion to Alter or Amend Judgments (Court File No. 57) and **WILL DENY** DirecTV's Motion for Award of Attorney Fees Pursuant to 28 U.S.C. § 1927 (Court File No. 60).

An Order shall enter.

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

12